

## IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS
## CIVIL DIVISION

**CHARLES P. WITCHER**                                                  **PLAINTIFF**

**VS.**                                 **19-CV 2017- 103-3**

**TEAMCARE- A CENTRAL STATES HEALTH PLAN**         **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Charles P. Witcher, by and through his attorneys, Ford, Dooley, & Griffin, PLLC, and for his "Complaint," respectfully states and alleges to the Court the following:

1. That jurisdiction and venue properly lie with the Circuit Court of Cross County, Arkansas.

2. That the Plaintiff, Charles P. Witcher, is currently a resident of Wynne, Cross County, Arkansas. The Plaintiff was a member of the Central States Health Plan (now "TeamCare") and has appropriate standing as such to bring this action.

3. That the Defendant, TeamCare, is an Illinois corporation.

4. That on or about the 3rd day of January, 2005, the one of the covered individuals, Vicki Witcher, under the Plaintiff's insurance plan with Central States was involved in a motor vehicle accident in Pulaski County, Arkansas.

5. That the Plaintiff, Charles P. Witcher, paid monthly premiums of TWO HUNDRED FIFTY DOLLARS ($250.00).

6. That the Defendant, TeamCare, refused to pay a single claim of the Plaintiff's after May of 2011. The Defendant claimed a lien in the amount of NINE THOUSAND SEVEN

FILED - RHONDA SULLIVAN
CLERK AND EX-OFFICIO RECORDER
239
AUG 18 2017

CROSS COUNTY, ARKANSAS
BY _____ D.C.

HUNDRED TWENTY-EIGHT DOLLARS AND EIGHTY-FIVE CENTS ($9,728.85) resulting from a settlement received in the motor vehicle accident of 2005. Even though the Plaintiff paid health insurance premiums in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) during this time period, TeamCare denied all claims under the Plaintiff's policy. The Plaintiff has essentially paid thousands of dollars to be uninsured.

7. That the Plaintiff, Charles P. Witcher, accumulated significant medical bills during this time period due to the Defendant's refusal to cover claims in accordance with the policy. The Plaintiff maintained his insurance premium payments during this time period, even though the Defendant continued to deny claims which should have been covered under the insurance plan. The Plaintiff requests the court grant equitable relief to remedy his losses.

8. That the Plaintiff, Charles P. Witcher, is entitled to enforcement under § 502 (a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(a)(1)(B) (2009). This provision provides that a plan participant may bring action "to recover benefits due to him under the terms of his plan" and also "to enforce his rights under the terms of the plan." *Id*.

9. That the Defendant, TeamCare, should be held liable for all of the out of pocket medical expenses incurred by the Plaintiff, Charles P. Witcher, and the other individuals covered under the Plaintiff's plan during the time premiums were being paid and claims being denied.

10. That the Plaintiff, Charles P. Witcher, has exhausted all possible internal appeals options with the Defendant, TeamCare, through appeals to the fund's appeals committee and trustee review committee. The Defendant continues to deny repayment of premiums or coverage for the denied medical costs.

11. That the Defendant, TeamCare, has held the Plaintiff's premium payments

captive in an attempt to assert a lien for an amount less than the total of the premium payments made.

12. As a result of the wrongly denied claims under the plan, the Plaintiff, Charles P. Witcher, has incurred significant medical expenses that should have been covered. He has also experienced pain and suffering, mental anguish in the past, and will experience the same in the future.

13. That the Plaintiff, Charles P. Witcher, should recover a judgment against the Defendant, TeamCare, for the significant financial damages sustained..

14. That the Plaintiff, Charles P. Witcher, should be reimbursed for all of his paid premiums during the time all coverage was denied, all medical expenses that should have been covered by the Defendant, TeamCare, significant attorneys' fees and costs, and he should be awarded significant punitive damages for the repugnant actions of the Defendant.

WHEREFORE, premises considered, Charles P. Witcher, prays that he have of and recover from the Defendants, a sum as set by the Court; that the Plaintiff has pre-judgment and post-judgment interest, his costs and for all other relief to which the facts may tend to prove.

Respectfully Submitted,
FORD, DOOLEY, & GRIFFIN, PLLC
Attorneys for Charles P. Witcher

By: _____
J. Carter Dooley
Arkansas Bar No. 2002018
FORD, DOOLEY, & GRIFFIN, PLLC
Post Office Box 373
Wynne, Arkansas 72396
Ph: (870) 238-2348
Fax: (870) 238-9100
Em: cdooley944@sbcglobal.net